

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2009

# Zhou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3276

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Zhou v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2074.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2074

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3276

YUN MEI ZHOU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A96-053-885)
Immigration Judge:  Honorable Donald Vincent Ferlise

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2008

Before: AMBRO, WEIS, and VAN ANTWERPEN, *Circuit Judges.*

(Filed: January 6, 2009)

OPINION OF THE COURT

VAN ANTWERPEN, *Circuit Judge.*

Yun Mei Zhou petitions for review of a June 28, 2007 order of the Board of

Immigration Appeals ("BIA") denying her motion to reopen removal proceedings.  For

the reasons below, we will grant the petition for review and remand the matter to the BIA for proceedings consistent with this opinion.

## I. Factual Background

Yun Mei Zhou, a native and citizen of China, was admitted to the United States on January 15, 2002 with authorization to remain in the United States no later than February 14, 2002. Zhou overstayed her visa, and, on August 7, 2002, she filed an application for asylum based on religious persecution and sought withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture ("CAT"). On May 3, 2004, the Immigration Judge ("IJ") denied Zhou's application for asylum under 8 U.S.C. § 1158 as well as her application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and the CAT. In rendering his decision, the IJ expressly made an adverse credibility determination. Zhou appealed, and the BIA dismissed her appeal on October 12, 2005. Zhou did not file a petition for review of the BIA's decision.

In October 2006, Zhou filed with the BIA a motion to reopen her removal proceedings pursuant to 8 C.F.R. § 1003.2(c)(3)(ii) based on changed country conditions in China. Zhou claimed that in March 2006 she joined the China Democracy Party ("CDP"), an organization that opposes the Communist Party leadership in China and promotes democracy. In connection with her membership in the CDP, Zhou asserted that she participated in protest rallies in New York and Washington, D.C., distributed CDP literature in New York, and published three articles on CDP-affiliated Web sites. Zhou

argued she was entitled to reopen her removal proceedings because she would be persecuted if removed to China due to her involvement with the CDP and the deteriorating treatment of political dissidents in China. Zhou further claimed that she could file a successive application for asylum pursuant to 8 U.S.C. § 1158(a)(2)(D) based on changed personal circumstances affecting her eligibility for relief.

On June 28, 2007, the BIA denied Zhou's motion to reopen as untimely. The BIA concluded that Zhou "has not submitted evidence which tends to demonstrate that conditions in China have deteriorated" for political dissidents since her last hearing. *J.A.* at 54. The BIA also observed that Zhou had been deemed not credible at her removal hearing and that the credibility finding had not been overturned on appeal. On July 27, 2007, Zhou filed a petition for review of the BIA's order.[1]

## II. Jurisdiction and Standard of Review

This Court has jurisdiction to consider Zhou's petition for review of the denial of her motion to reopen pursuant to 8 U.S.C. § 1252(b). This Court reviews the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). Under the abuse of discretion standard, a decision "will not be disturbed unless [it is] found to be

---

[1] Around the same time, Zhou filed with the BIA a motion to reconsider its denial of her motion to reopen, which the BIA denied on October 4, 2007. Because Zhou did not file a separate petition for review, that denial is not before this Court. *Nocon v. INS*, 789 F.2d 1028, 1032-33 (3d Cir. 1986).

'arbitrary, irrational or contrary to law.'" *Guo*, 386 F.3d at 562 (quoting *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994)).

### III. Discussion

### *A. Motion to Reopen the Removal Proceedings*

In general, an alien may file only one motion to reopen removal proceedings, and the alien must file that motion no later than ninety days after the date of the final administrative decision denying relief. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Nevertheless, the numerical and time limitations set forth in 8 U.S.C. § 1229a(c)(7) do not apply if the petitioner can establish "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). In addition, a motion to reopen must establish the petitioner's prima facie eligibility for asylum. *Guo*, 386 F.3d at 563-64. The prima facie standard requires that the moving party "'produce objective evidence showing a reasonable likelihood that he can establish [that he is entitled to relief].'" *Id.* at 563 (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002)).

Zhou filed her motion to reopen more than ninety days after the agency issued its final order of removal. Accordingly, for the BIA to grant her motion to reopen, Zhou was required to present material evidence of "changed circumstances arising in the country of

4

nationality" that was not available during her earlier hearing. *See* 8 C.F.R. §

1003.2(c)(3)(ii). In support of her assertion of "changed country conditions," Zhou

submitted information that was not available at her removal hearing, including the

Chinese government's "Measures for Administering the Release of News and Information

in China by Foreign News Agencies," reports detailing the recent arrests of and sentences

imposed on political dissidents who published articles critical of the Chinese government

on the Internet, and the 2005 U.S. Department of State Country Report on Human Rights

Practices in China.[2] *J.A.* at 90-183. The 2005 U.S. Department of State Country Report

reported a "trend towards increased harassment, detention, and imprisonment by

government and security authorities of those perceived as threatening to government

authority" as well as government measures to "control more tightly print, broadcast and

electronic media and censor[] online content." *Id.* at 182. With respect to the CDP, the

2005 Department of State Report noted that "[d]ozens of CDP leaders, activists, and

members have been arrested, detained, or confined." *Id.* at 183.

The BIA did not specifically address any of this newly acquired evidence, and it

---

[2]  Zhou also submitted the 2006 U.S. Department of State Country Report on
Human Rights Practices in China. This report was not submitted to the BIA until after it
denied Zhou's motion to reopen on June 28, 2007. *J.A.* at 5-51. Because our review is
limited to the record that was before the agency when it issued the decision under review,
we may not consider the 2006 U.S. Department of State Report on Human Rights
Practices in China. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that reviewing court must
decide the petition "only on the administrative record on which the order of removal is
based"); *Al-Fara v. Gonzales*, 404 F.3d 733, 743 (3d Cir. 2005) ("[I]t is axiomatic that we
may not foray outside the administrative record in considering this appeal.").

5

did not point to any evidence refuting Zhou's claim of changed country conditions. In deciding that Zhou had failed to demonstrate "changed circumstances in the country of nationality," the BIA concluded that Zhou

> has not submitted evidence which tends to demonstrate that conditions in China have deteriorated since the time of [her] hearing. The evidence does not tend to show that Chinese officials' treatment of dissidents is more severe at this point. Finally, we note that the Immigration Judge found that [Zhou] was not credible, a finding not overturned on appeal. In this motion, the respondent's claims were not adequately supported by documentary evidence concerning current conditions in China and her assertions on this issue are not credible.

*J.A.* at 54-55.

When evaluating the BIA's decision for an abuse of discretion, this Court is "'not foreclosed from determining whether the BIA followed proper procedures and considered and appraised the material evidence before it.'" *Thu v. Att'y Gen.*, 510 F.3d 405, 412 (3d Cir. 2007) (quoting *Sotto v. INS*, 748 F.2d 832, 837 (3d Cir. 1984)); *see also Sevoian*, 290 F.3d at 177 (quoting *Tipu v. INS*, 20 F.3d at 583). As the *Sotto* Court noted, "[t]o determine whether the administrative action was arbitrary, the courts must be apprised why evidence, relevant and persuasive on its face, was discredited." *Sotto*, 748 F.2d at 837; *see also Shardar v. Att'y Gen.*, 503 F.3d 308, 314-16 (3d Cir. 2007) (concluding that the BIA abused its discretion when it offered no explanation for its rejection of evidence offered to show changed country conditions). "If the administrative record fails to reveal that such evidence has been fairly considered, the proper course is to remand the case to the INS so that the Service may evaluate such evidence and consider its effect on the

6

application as a whole." *Sotto*, 748 F.2d at 837.

Based on its perfunctory denial of Zhou's motion to reopen, the BIA abused its discretion in rejecting her claim of changed country conditions. It failed to explain why newly acquired evidence, most notably the State Department's 2005 Country Report on Human Rights Practices in China and the Chinese government's "Measures for Administering the Release of News and Information in China by Foreign News Agencies," was discredited or disregarded. Indeed, this Court, in assessing the adequacy of the BIA's consideration of evidence, has specifically pointed to the failure to consider State Department Country Reports on Human Rights Practices as a ground for remand. *Thu*, 510 F.3d at 407 (holding that IJ failed to consider all evidence, especially the Department of State's Country Report on Human Rights Practices in Burma); *see also Mansour v. INS*, 230 F.3d 902, 907-08 (7th Cir. 2000) (concluding that BIA failed to conduct sufficient review of claim where it incorrectly described petitioner as Syrian Christian rather than Assyrian Christian and declined to address the U.S. Department of State's report detailing persecution of Assyrian Christians in Iraq). Nevertheless, the BIA's failure to mention a State Department report specifically does not automatically render its decision an abuse of discretion. *See Toussaint v. Att'y Gen.*, 455 F.3d 409, 416-17 (3d Cir. 2006) (concluding that BIA's decision was adequate even though "the evidence . . . included country reports and various articles" that the BIA "failed to mention specifically"). In *Toussaint*, this Court determined that the BIA's asserted

7

consideration of "background evidence" satisfied it "that the BIA considered the country reports and [other] articles." *Id.* Here, the BIA's rejection of Zhou's motion was supported by conclusory statements asserting that Zhou's "claims are not adequately supported" and that Zhou "has not submitted evidence which tends to demonstrate that conditions in China have deteriorated since the time of the respondent's hearing." *J.A.* at 54. This analysis does not satisfy us that the BIA "'considered and appraised the material evidence before it.'" *See Sevoian*, 290 F.3d at 277 (quoting *Tipu*, 20 F.3d at 583).

One observation the BIA did offer in support of its denial of Zhou's motion to reopen was the IJ's previous adverse credibility determination. Nevertheless, an initial adverse credibility determination does not automatically taint subsequent applications for relief. *Guo*, 386 F.3d at 562-63. Instead, each adverse credibility assessment must be supported "with statements or record evidence specifically related to the issue under consideration." *Id.* at 562 ("Nor does one adverse credibility finding beget another."). While the IJ's credibility assessment stemmed from Zhou's initial claim of religious persecution, Zhou based her subsequent motion to reopen on changed country conditions in China regarding persecution of political dissidents; there is no indication that the claims asserted in the motion to reopen are related to Zhou's earlier claims of religious persecution. Further, the BIA offered no explanation of why it found the assertions in Zhou's motion to reopen based on fear of political persecution to be incredible. *See Shardar*, 503 F.3d at 313 ("Facts presented in the motion to reopen are 'accepted as true

8

unless inherently unbelievable.'" (quoting *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005))).

### B. Convention Against Torture

Zhou asserts that the BIA erred in failing to consider whether she established a prima facie case for withholding of removal pursuant to the CAT. Because the BIA's denial of Zhou's motion contained no specific analysis of the claim for relief under the CAT, it appears that the BIA concluded that it was unnecessary to address the issue based on the IJ's adverse credibility findings and the stated insufficiency of Zhou's proffered evidence of conditions in China.

An alien is entitled to relief under the CAT if she shows that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). In considering a claim under the CAT, "all evidence relevant to the possibility of future torture shall be considered." 8 C.F.R. § 208.16. This inquiry is independent of the inquiry required for consideration of claims for asylum and withholding of removal. *See Ramasameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir. 2004). As this Court has observed, "'claims for relief under the [CAT] are analytically separate from claims for asylum . . . and for withholding of removal.'" *Zubeda v. Ashcroft*, 333 F.3d 463, 467 (3d Cir. 2003) (quoting *Kamalhas v. I.N.S.*, 251 F.3d 1279, 1283 (9th Cir. 2001)). Accordingly, the BIA erred in failing to consider Zhou's claims

9

under the CAT separately.[3]  Further, the BIA's apparent reliance on an adverse credibility

assessment was inappropriate. *Zubeda*, 333 F.3d at 476 (finding that petitioner's

credibility with respect to asylum and withholding claims should not "bleed through to

the BIA's consideration of her claim under the [CAT]"); *see also Guo v. Gonzales*, 463

F.3d 109, 114 (2d Cir. 2006) ("A CAT claim cannot be denied solely on the basis of an

adverse credibility finding since a CAT claim may be established using different evidence

and theories than those used for asylum claims.").

### C. Changed Personal Circumstances

The BIA did not address Zhou's contention that she is permitted pursuant to 8

U.S.C. § 1158(a)(2)(D) to bring a successive asylum application based on changed

personal circumstances in connection with her motion to reopen. Because we hold that the

BIA abused its discretion in denying Zhou's untimely motion to reopen the removal

proceedings, as discussed *supra*, the BIA may find it appropriate to consider Zhou's

successive asylum application based on her changed personal circumstances if it

concludes that her motion to reopen based on changed country circumstances should be

---

[3] "[J]udicial review of an agency's decision is limited to the rationale that the agency provides." *Konan v. Att'y Gen.*, 432 F.3d 497, 501 (3d Cir. 2005).  In rejecting Zhou's motion to reopen, the BIA focused on Zhou's failure to establish changed country conditions and did not consider whether Zhou established a prima facie claim for relief under the CAT.  Accordingly, this Court cannot consider in the first instance whether Zhou established a prima facie claim for relief under CAT. *See Konan*, 432 F.3d at 501 ("A reviewing court is powerless to decide in the first instance issues that an agency does not reach.").

granted.[4]

For the foregoing reasons, we will grant the petition for review and remand the

matter to the BIA for further proceedings consistent with this opinion.

---

[4] We note that the BIA recently ruled that an alien unable to prevail on a motion to reopen is barred from filing a successive asylum application under 8 U.S.C. § 1158(a)(2)(D). *In re C-W-L-*, 24 I&N Dec. 346, 350 (BIA 2007).